# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CROW LAW FIRM, INC.,

    Plaintiff

v.                                                                                              No. 18-808 MV-KK

OBY T. ROGERS, PPLC, and
OBY T. ROGERS,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 4]. The Court, having considered the motion and relevant law, finds that the motion is well-taken and will be granted.

## BACKGROUND

The relevant facts, as alleged in the Complaint and demonstrated by the parties' affidavits, are as follows. On May 6, 2018, Kolby Burton, who lives in Mississippi, was injured in an automobile accident in Loving, New Mexico. Doc. 4-1, Ex. A. He was airlifted to University Medical Center in El Paso, Texas. *Id.* While he was in El Paso, on May 16, 2018, Mr. Burton signed a contract retaining B.J. Crow and the Crow Law Firm to represent him in connection with the accident. *Id.* Mr. Burton returned to Mississippi on May 17, 2018. *Id.*

On June 12, 2018, Mr. Burton met with Oby T. Rogers in Mississippi. *Id.* During the meeting, Mr. Burton did not mention Mr. Crow. *Id.*, Ex. A. On June 15, 2018, Mr. Burton again met with Mr. Rogers, and decided to retain him in connection with his New Mexico accident. *Id.* During that meeting, Mr. Burton asked Mr. Rogers, "What do I do with the other lawyer?" *Id.* Mr. Rogers responded, "What are you talking about?" *Id.* Mr. Burton then disclosed that he had

1

previously retained Mr. Crow to represent him in connection with the accident, but indicated that he wanted to "fire Crow." *Id.* Mr. Rogers responded that if Mr. Burton "wanted to fire Crow then he needed to write it out and sign it and then he could continue talking to [Mr. Rogers]. *Id.* At that point, Mr. Burton "wrote a note out firing Crow, handed [it] to [Mr.] Rogers, and signed" a contract retaining Mr. Rogers and Oby T. Rogers, PPLC (the "Rogers Law Firm"). *Id.*

Thereafter, on June 20, 2018, Mr. Rogers sent Mr. Crow an email message stating that Mr. Burton had terminated Mr. Crow's services. Doc. 1-1 at ¶ 18. The email message attached a handwritten note from Mr. Burton stating, "Thanks BJ for your help but I have decided to use Oby Rogers on my case." *Id.* at ¶ 19. The email message also indicated that Mr. Burton "would prefer that [Mr. Crow] not attempt to contact [him] regarding [his] decision to terminate [Mr. Crow]." *Id.* at 21.

Also on June 20, 2018, Mr. Rogers sent a letter to Agava Transportation Services ("Agava") in Carlsbad, New Mexico, regarding Mr. Burton's accident, indicating that the Rogers Law Firm was representing Mr. Burton and directing that Agava preserve the evidence related to the accident. Doc. 11-3. The letter also stated: "[I]t is my understanding that you have previously been contacted by B.J. Crow, Esq. in regards to this matter. Mr Crow's representation of Mr. Burton has been terminated as of June 15, 2018." *Id.* Ryan Sanders, an attorney at Butt Thornton & Baehr in Albuquerque, New Mexico, forwarded the letter to Mr. Crow on June 20, 2018, asking whether he was still representing Mr. Burton. Doc. 11-2. Mr. Crow responded, "It doesn't appear so, has Mr. Oby Rogers been in contact with you?" *Id.* Mr. Sanders responded, "He has been in contact with us." *Id.*

Based on these facts, Plaintiff, the Crow Law Firm, commenced the instant action in New Mexico State Court against Mr. Rogers and the Rogers Law Firm. Doc. 1-1. The Complaint

alleges claims of tortious interference with contract, negligence, and prima facie tort. *Id.* On August 22, 2018, Defendants removed the action to this Court. Doc. 1.

On their instant motion, Defendants seek dismissal of the action on the basis that this Court lacks personal jurisdiction over them. Doc. 4. Plaintiff opposes the motion, arguing that Defendants "have purposeful and significant contacts with the State of New Mexico, warranting the exercise of personal jurisdiction over them." Doc. 11.

In support of their motion, Defendants submitted the affidavit of Mr. Rogers. Doc. 4-1, Ex. B. Mr. Rogers' affidavit states that: he resides in and is licensed to practice law in Mississippi; he is not licensed to practice law in, has never been admitted *pro hac vice* in, and, until his representation of Mr. Burton, has never participated in any litigation in New Mexico; neither he nor the Rogers Law Firm has ever advertised in New Mexico or filed any taxes in New Mexico; and, prior to being retained by Mr. Burton, had never been to New Mexico for business, only to ski. *Id.* In support of his opposition, Plaintiff submitted a July 27, 2018 Facebook post of Mr. Rogers and the Rogers Law Firm, in which Mr. Rogers states that he "spent the week in New Mexico" working on Mr. Burton's case. Doc. 11-4.

**STANDARD**

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, "there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Id.* "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendants' affidavits." *Id.* Further, "[i]f the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor,

and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* Importantly, however, "only the well pled facts of plaintiff's complaint, as distinguished form mere conclusory allegations, must be accepted as true." *Id.* The court's "task is to determine whether the plaintiff's allegations, as supported by affidavits, make a prima facie showing of personal jurisdiction." *Id.*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Here, New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002). Thus, in order to determine whether this court may exercise personal jurisdiction over Defendants, the relevant inquiry is whether that exercise of jurisdiction "comports with the limits imposed by federal due process." *Daimler*, 571 U.S. at 125.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, I471 U.S. 462, 471-72 (1985). In the "canonical opinion" of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the Supreme Court held that a court may "exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Daimler*, 571 U.S. at 126 (quoting *International Shoe*, 326 U.S. at 316).

Two categories of personal jurisdiction have developed from *International Shoe*'s conception of "fair play and substantial justice"": general jurisdiction and specific jurisdiction. *Daimler*, 571 U.S. at 126; *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773,

4

1780 (2017). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* (citations omitted). Notably, however, "only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Id.* (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (citations omitted). Further, with regard to foreign corporations, a court may assert general jurisdiction "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (citations omitted).

In contrast, "[i]n order for a court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 137 S. Ct. at 1780 (citations omitted; emphasis in original). "[T]here must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Id.* (citation omitted). Specific jurisdiction thus "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citation omitted). The Tenth Circuit has framed the "minimum contacts" test in the context of specific jurisdiction as "encompass[ing] two distinct requirements: (1) that the defendant must have purposely directed its activities at residents of the forum state, and (ii) that the plaintiff's injuries must arise out of the defendant's forum-related activities." *Id.* (citations omitted).

Notably, the necessary relationship between the defendant and the forum state "must arise out of contacts that the defendant *himself* creates with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original). Thus, "however significant the plaintiff's

5

contacts with the forum may be those contacts cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 285. Further, because the "minimum contacts" analysis "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there . . . the plaintiff cannot be the only link between the defendant and the forum." *Id.* Finally, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. The proper question thus "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

## DISCUSSION

Defendants argue that this Court has neither general nor specific jurisdiction over them, and that the Court thus must dismiss the instant action for lack of personal jurisdiction. The parties disagree as to some of the events that transpired relating to Mr. Burton's initial retention and subsequent termination of Mr. Crow and his law firm. The parties' conflicts are of no moment, however, as the evidence relevant to the sole jurisdictional issue before the Court, with all relevant factual disputes resolved in Plaintiff's favor, makes clear that Plaintiff's allegations, as supported by its affidavit, fail to make a prima facie showing of personal jurisdiction.

I.  The Court Lacks General Jurisdiction over Defendants.

Nothing in the Complaint, affidavits, or Plaintiff's response brief provides any basis for the Court to find that Defendants' affiliations with New Mexico fall within "the limited set that would render them amenable to general jurisdiction" in this Court. With regard to Mr. Rogers personally, New Mexico cannot be construed as his domicile or the equivalent. Indeed, the statements in his affidavit establish that: Mr. Rogers resides in and is licensed to practice law in Mississippi; he is not licensed to practice law in, has never been admitted *pro hac vice* in, and,

until his representation of Mr. Burton, has never participated in any litigation in New Mexico; has never advertised in New Mexico or filed any taxes in New Mexico; and, prior to being retained by Mr. Burton, had never been to New Mexico for business, only to ski. Plaintiff has not contested any of these facts, but has submitted evidence that, since being retained by Mr. Burton, Mr. Rogers travelled to New Mexico for one week to investigate Mr. Burton's case. Mr. Rogers' trip to New Mexico for the discrete purpose of litigating Mr. Burton's case does not come close to approximating his domicile, and thus is insufficient to render him amenable to general jurisdiction in this Court.

Nor can New Mexico be construed as a place where the Rogers Law Firm is fairly regarded as at home. The Rogers Law Firm is incorporated in Mississippi and has its principal place of business in Mississippi, has never advertised or filed taxes in New Mexico, and before being retained by Mr. Burton, never participated in any litigation in New Mexico. Neither the evidence of Mr. Rogers' week-long trip to New Mexico in connection with Mr. Burton's case, nor the fact that the Rogers Law Firm will have future contact with New Mexico for the discrete purpose of litigating Mr. Burton's case, establishes affiliations with New Mexico "so continuous and systematic as to render [the Rogers Law Firm] at home in the forum State." *Daimler*, 571 U.S. at 127.

II.     The Court Lacks Specific Jurisdiction over Defendants.

In order for this Court to exercise specific jurisdiction over Defendants, the instant action and the injuries alleged therein must arise out of Defendants' forum-related activities. Plaintiff explains the crux of this case to be "a Mississippi lawyer intentionally interfering with a New Mexico lawyer-client contract, and tortiously taking a serious New Mexico personal injury case from a New Mexico law firm." Doc. 11 at 1. Similarly, the Complaint alleges that "Mr. Rogers

7

obviously communicated with Mr. Crow's client impermissibly as he obtained the handwritten note from Mr. Crow's client and stated that '[Mr. Burton] would prefer that you not attempt to contact [him] regarding [his] decision to terminate you.'" Doc. 1-1 at ¶ 24. Accordingly, the jurisdictional issue is whether the underlying controversy – whether Defendants induced Mr. Burton to terminate his contract with Mr. Crow – and Plaintiff's alleged injury – the loss of the opportunity to represent Mr. Burton in a serious personal injury case – arose out of Defendants' contacts with New Mexico. "What is needed – and what is missing here – is a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781.

First, Plaintiff argues that the evidence that Mr. Rogers instructed Mr. Burton to write a note to Mr. Crow firing him "alone establishes personal jurisdiction." Doc. 11 at 8. It is undisputed, however, that Mr. Rogers' communications with Mr. Burton all took place in Mississippi. It was during a meeting in Mississippi on June 15, 2018, that Mr. Burton first mentioned Mr. Crow to Mr. Rogers, and that Mr. Rogers told Mr. Burton that if he wanted to fire Mr. Crow, that he needed to write it out and sign it, and that he could then continue to pursue representation by Mr. Rogers. The relevant conduct giving rise to Plaintiff's claims, namely, Mr. Rogers' instruction to Mr. Burton to write a note firing Mr. Crow, thus occurred "entirely" in Mississippi. *Bristol-Myers*, 137 S. Ct. at 1781. "It follows that [this Court] cannot claim specific jurisdiction." *Id.* at 1782.

This conclusion is not altered by the fact that Defendants' conduct caused Plaintiff to suffer injury in New Mexico. As noted above, the relevant inquiry "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Here, Mr. Rogers' conduct occurred in in Mississippi, and was directed to a fellow Mississippi resident. The fact that the intended

recipient of the note that Mr. Rogers instructed Mr. Burton to write was a New Mexico resident does not suffice to connect Defendants to New Mexico "in a meaningful way." Thus, even if Plaintiff "suffered foreseeable harm" in New Mexico, because Mr. Rogers' inducement of Mr. Burton to terminate his contract with Mr. Crow "occurred entirely in [Mississippi], the mere fact that this conduct affected" a New Mexico resident "did not suffice to authorize jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1782; *Walden*, 134 S. Ct at 1124 (holding that Nevada courts lacked specific jurisdiction even though plaintiffs were Nevada residents and suffered foreseeable harm in Nevada, where relevant conduct occurred entirely in Georgia).

In support of his position that this Court has personal jurisdiction, Plaintiff also points to the evidence that, on June 20, 2018, Mr. Rogers sent a letter to Agava in Carlsbad, New Mexico, regarding Mr. Burton's accident and that, as of that date, Mr. Rogers had been in contact with Agava's counsel. These communications with Agava and its counsel, however, did not give rise to the claims or injuries in the instant case. As noted above, the underlying controversy here is whether Defendants induced Mr. Burton to terminate his contract with Mr. Crow, thereby causing Plaintiff to suffer the loss of opportunity to represent Mr. Burton. Neither Mr. Rogers' letter to Agava nor his communication with Agava's counsel constituted such inducement or caused such injury. Indeed, nowhere does Plaintiff allege or argue as much. In other words, Plaintiff would have suffered the loss of Mr. Burton's case even if Mr. Rogers had not communicated with Agava and its counsel. Accordingly, the instant suit and the injuries alleged therein do not arise out of Mr. Rogers' communications with Agava and its counsel, and these forum-related activities thus do not suffice to authorize specific jurisdiction. *Kuenzle v. HTM Sport-Und Freizeitgerate*, 102 F.3d 453, 456-57 (10th Cir. 1996) ("[T]he requirement that the claim arises out of or results from the forum-related activities is not satisfied when the plaintiff

would have suffered the same injury even if none of the defendant's forum contacts had taken place.") (citations omitted).

Finally, Plaintiff argues that the requirements for personal jurisdiction are satisfied because Mr. Rogers spent a week in New Mexico in July 2018, investigating Mr. Burton's case, and that, in connection with his representation of Mr. Burton, "will of necessity have to have extensive contact in New Mexico." Doc. 11 at 7-8. This evidence, too, is insufficient to satisfy the requirement that Plaintiff's claims arise out of or result from Defendants' forum-related activities. Mr. Rogers' July 2018 travel to New Mexico occurred *after* Mr. Burton's June 20, 2018 termination of his contract with Mr. Crow. Accordingly, this forum-related activity could not possibly haven given rise to either Plaintiff's claim that Defendants induced Mr. Burton to fire Mr. Crow or the harm suffered by Plaintiff in losing the opportunity to represent Mr. Burton.[1] Similarly, any future contact Defendants may have with New Mexico in connection with their representation of Mr. Burton necessarily cannot give rise to the claims and injuries alleged in the instant case.

## **CONCLUSION**

After resolving all factual disputes in Plaintiff's favor, the Court finds that Plaintiff's allegations, as supported by affidavits, fail to make a prima facie showing of personal jurisdiction, under either the category of general jurisdiction or the category of specific jurisdiction. This Court's exercise of jurisdiction over Defendants thus would not comport with the limits imposed by federal due process. Further, Plaintiff has failed to establish that it is

---

[1] Because it post-dates the claims and injuries set forth in the Complaint, Mr. Rogers' July 2018 travel to New Mexico is irrelevant to the jurisdictional issue before the Court. As such, Defendants' failure to disclose it was reasonable and does not, as Plaintiff suggests, warrant sanctions.

10

entitled to discovery, as it identifies no forum-related activities by Defendants that occurred prior to Mr. Burton's termination of Mr. Crow's contract as to which it seeks additional factual inquiry.  Accordingly, Defendants are entitled to dismissal of this action for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 4] is **GRANTED.**

DATED this 22nd day of March, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge